**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance M. Benedict, | No. CV-23-02392-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Google LLC, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Lance M. Benedict's Motion for Reconsideration and Leave to Amend (Doc. 30), which he brings under Federal Rules of Civil Procedure 59(e) and 60(b) to ask the Court to reconsider its Order (Doc. 27) and Judgment (Doc. 28) granting Defendant's Motion to Dismiss (Doc. 20) and dismissing Plaintiff's Amended Complaint (Doc. 18) without leave to amend.

Generally brought under Local Rule of Civil Procedure 7.2(g) in this District, motions for reconsideration are generally disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change

in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) enables the Court to amend a judgment. "Amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.* Nonetheless, the Ninth Circuit has defined several grounds on which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*

Lastly, under Rule 60(b), a court may relieve a party from a final judgment or order only for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)).

Plaintiff bases his Motion on his belief that, in dismissing the Amended Complaint, the Court erred in not granting him leave to amend. The Court will consider this Motion as one for reconsideration under Local Rule 7.2(g) or to amend the judgment under Rule 59(e), but Plaintiff provides insufficient basis for the Court to review the judgment under Rule 60(b).

. . .

After the Court finds that a complaint fails to state a claim, warranting dismissal, the plaintiff is entitled to amend the complaint if the Court finds the defects in the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court has carefully reviewed the Amended Complaint (Doc. 18) and its Order (Doc. 27) dismissing the claims therein, and the Court remains convinced that Plaintiff cannot cure the fatal defects in his claims by further amendment of the Amended Complaint.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration and Leave to Amend (Doc. 30). This case remains closed.

Dated this 16th day of October, 2024.

Honorable John J. Tuchi
United States District Judge